UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**BRIAN L. CLINE,**

      **Plaintiff,**

v.                                         **CASE NO. 6:12-cv-00690**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Both parties have submitted briefs in support of their positions.

Plaintiff, Brian L. Cline (hereinafter referred to as "Claimant"), filed an application for DIB on September 2, 2009, alleging disability as of February 26, 2006, due to hypertension, back problem, heart attack, PTSD, sleep apnea, right shoulder problems, and right ankle problems.  (Tr. at 204, 230.)  The claim was denied initially and upon reconsideration.  (Tr. at 152-56, 158-60.)  On May 7, 2010, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 161-62.)  The hearing was held on May 19, 2011, before the Honorable John W. Rolph.  (Tr. at 95-128.)  By

decision dated June 13, 2011, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 14-36.) The ALJ's decision became the final decision of the Commissioner on October 19, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 7-10.) After being granted an extension of time, Claimant timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Tr. at 1-3.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2011). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v.

Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2009). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 19.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of dysthymia, panic disorder with agoraphobia, chronic lumbar and thoracic strain with back pain disorder, right ankle arthralgia and pain status-post fracture and open reduction internal fixation, coronary artery disease status post myocardial infarction, obstructive sleep apnea with BIPAP, and obesity. (Tr. at 19.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 25.) The ALJ then found that Claimant has a residual functional capacity to perform work at the light exertional level, reduced by exertional and nonexertional limitations. (Tr. at 28.) As a result, the ALJ determined that Claimant cannot return to his past relevant work. (Tr. at 34.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as price marker, garment folder, and stock checker, all of which jobs exist in significant numbers in the

national and regional economy. (Tr. at 35-36.) On this basis, benefits were denied. (Tr. at 36.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was 50 years old at the time of the ALJ's decision on June 13, 2011. (Tr. at 209.) Claimant graduated from high school education and served for 27 years in the United States Army and National Guard as a medic, administrative specialist and staff

4

trainer. (Tr. at 30, 108.) He has not worked since retiring from the military with an honorable discharge on May 31, 2006. (Tr. at 108, 111.) The Veterans Administration determined that Claimant was 100% disabled, as of June 1, 2006, with the primary impairments identified as coronary artery disease, obstructive sleep apnea, and dysthymic disorder (anxiety/depression/PTSD). (Tr. at 113; ECF No. 9-2, at 2-3.)1

The Medical Record

    The court has reviewed all evidence of record, and will address those portions which are relevant to the issues raised by Claimant.

Claimant's Challenges to the Commissioner's Decision

    Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ's finding as to Claimant's residual functional capacity is erroneous; and (2) the ALJ erred when he failed to consider the VA's decision that Claimant is totally disabled. (Pl.'s Br. at 10, 16.)

    The Commissioner argues that (1) the ALJ's conclusion that Claimant could perform light work is supported by substantial evidence; and (2) the ALJ appropriately considered the VA's decision. (Def.'s Br. at 8-11.)

    In his reply brief, Claimant asserts that the Commissioner's brief failed to address the ALJ's asserted failure to comply with agency policy in considering the report of psychiatrist Dr. G. David Allen, and engaged in selective discussion of the evidence. (Reply Brief at 1-3.)

---

1 The decision of the Department of Veterans Affairs is not included in the administrative record, but Claimant's treatment records at the VA are present. The ALJ referred to the decision during the hearing. (Tr. at 113.) Claimant's attorney attached the complete decision to his brief (ECF No. 9-2), to which the Commissioner did not object. The undersigned will consider the VA decision because it is relevant to one of Claimant's grounds for relief.

## Consideration of VA Decision

Claimant correctly asserts that the VA's decision that Claimant is disabled is evidence to be considered by the Social Security Administration. (Pl.'s Br. at 16.) The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512(b)(5) (2011). The decision of another agency is not binding on the Social Security Administration, 20 C.F.R. § 404.1504, but Social Security is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

Throughout the ALJ's decision, he refers to evidence reported by the Clarksburg, West Virginia VA Medical Center, which has treated Claimant for all his impairments for years. However, there is no indication that the VA's decision on Claimant's decision was before the ALJ; rather it appears that the ALJ simply relied on entries in the medical record that Claimant was determined by VA to be disabled. The ALJ went so far as to write in his decision that PTSD "was never mentioned as a basis for the claimant's 100 percent VA disability," citing to Exhibit 12F, which is a compilation of Clarksburg VA treatment records for the period 9/11/09 to 5/4/11. (Tr. at 24, 509-87.) Review of the VA's decision demonstrates the error in this statement. Effective June 1, 2006, Claimant's dysthymic disorder ("claimed as anxiety/depression/PTSD") was increased to 30 percent disabling, third in severity only to coronary artery disease (60%) and

6

obstructive sleep apnea (50%). (ECF No. 9-2, at 2-3.)

The Commissioner's brief, in a rather conclusory manner, asserts that "the ALJ sufficiently considered the determination of Veterans Affairs," and claimed that "[n]o other discussion is necessary." (Def.'s Br., at 11.) It is true that the ALJ considered the medical findings in the VA Medical Center's records, but it is not true that the ALJ considered *the decision* and the analysis of the evidence contained therein. The ALJ's decision lacks an explanation of his consideration given to the VA's decision.

The undersigned proposes that the presiding District Judge **FIND** that the ALJ's decision denying benefits is not supported by substantial evidence due to the failure to consider the VA's decision as required by the regulations and Ruling 06-03p. Given this proposed finding, it is not necessary to address Claimant's remaining argument.

It is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner, **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this matter from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

<u>January 24, 2013</u>
      Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge